[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 2, 1992 Date of Application March 2, 1992 Date Application Filed March 2, 1992 Date of Decision February 23, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport, Docket No. CR90-49228;
William Holden, Esq., Defense Counsel, for Petitioner.
Jonathan Benedict, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner, 20 years of age at the time of sentencing, was convicted following a jury trial of violation of Connecticut General Statutes 53a-55(a)(2), Manslaughter, 1st degree. He received the maximum penalty of 20 years to CT Page 2977 serve.
The elements of this crime include intentionally causing the death of another person under circumstances which do not constitute murder because the act was committed under the influence of extreme emotional disturbance.
The petitioner was convicted of strangling a 67 year old man. The victim's body was found in an apartment sometime after the homicide in the condition of rigor mortis. There was a hand written note on the apartment door stating "The killer Jack the Ripper."
The petitioner, who has no prior criminal record, has an extensive psychiatric history with medical records indicating a deterioration into a person with violent thoughts, and as being possibly homicidal under stress, with a primary hostility toward women. One diagnosis suggests his type of schizophrenic disorder is one seen in the most seriously disturbed type of inmate.
A person identified as the petitioner had made telephone calls to a Bridgeport Mental Health facility stating that he killed someone and would kill again. Similar calls were recorded by the Bridgeport emergency telephone line by a person who identified himself as "Jack the Ripper."
There is an obvious need in this case for public protection while monitoring the petitioner's rehabilitative progress. The Court considered and decided that a split sentence with probation would not adequately address the concerns apparent under the facts and background of this case.
The Division, giving consideration to the sentencing court's reasoning and discretion and pursuant to the provisions of Section 942 of the Practice Book concludes that the sentence was neither inappropriate nor disproportionate and it is affirmed.
Klaczak, J.
Purtill, J.
Norko, J. CT Page 2978
Purtill, Klaczak and Norko, J.s, participated in this decision.